**Bonita TIFFANY, Petitioner,**

v.

**DEPARTMENT OF the NAVY,\* Respondent.**

**Appeal No. 85–2750.**

United States Court of Appeals, Federal Circuit.

June 20, 1986.

respondent by the Government.

68

Robert S. Catz, Cleveland, Ohio, argued for petitioner. With him on brief was Michael Fortney.

Patricia A. Price, Merit Systems Protection Board, Washington, D.C., argued for respondent. With her on brief were Evangeline W. Swift, General Counsel, Mary L. Jennings, Associate General Counsel for Litigation and Marsha E. Mouyal, Reviewer for Litigation.

Before BALDWIN, NEWMAN, and ARCHER, Circuit Judges.

ARCHER, Circuit Judge.

Bonita Tiffany (Tiffany) petitions for review of the decision of the Merit Systems Protection Board (MSPB or Board), Nos. CH04328310661 (Dec. 15, 1983) and CH04328310661REM (Mar. 5, 1985), affirming her one grade demotion for unacceptable performance. We affirm.

I.

As a preliminary matter, we address the question of the proper party respondent herein. This is an appeal from the Board's final decision under 5 U.S.C. § 7701 (1982). Tiffany named the Department of the Navy, the agency responsible for her demo-

tion, as respondent. Because Tiffany challenged only the actions and rulings of the presiding official during the MSPB proceedings, and not the action of the agency in demoting her, the MSPB, by and through its general counsel, defended the appeal. In doing so, MSPB was designated [1] as respondent by the government purportedly in accordance with this court's decision in *Hopkins v. Merit Systems Protection Board,* 725 F.2d 1368 (Fed.Cir.1984).

■ The agency responsible for the demotion action is the proper respondent where the petitioner seeks to overturn a decision on the merits made by the Board under § 7701. We noted in *Howell v. Merit Systems Protection Board,* 785 F.2d 282, 285 (Fed.Cir.1986), that *Hopkins* was a case of limited scope, and pointed out that *Hopkins* itself states:

This latter view [of naming the agency as respondent] certainly is reasonable in appeals involving issues both on the merits of an agency's action and on the MSPB procedures and we do not intend to disturb the practice to date of naming the agency as respondent in such cases.

725 F.2d at 1372.

■ In this case, there is no *Hopkins* -like issue of MSPB deciding that it lacked jurisdiction or that a petition for review of an agency action was untimely. Rather, petitioner seeks to overturn the Board's final decision under § 7701, upholding the agency action, and the merits are thus implicated. In these circumstances, 5 U.S.C. § 7703(a)(2) (1982) (providing for judicial review of MSPB orders and decisions) requires: "In review of a final order or decision issued under section 7701, the agency responsible for taking the *action appealed to the Board* shall be the named respondent." (Emphasis added). It was the action of the Department of the Navy which was "appealed to the Board" and on which the Board rendered a final decision under § 7701. Accordingly, that agency is, under the emphasized language, the proper party respondent even though alleged errors of

the presiding official or the Board in the conduct of the proceedings are the sole grounds on which petitioner seeks to overturn the Board's decision.

## II.

It is asserted that Tiffany was denied due process by the Board's failure to provide her a full and fair hearing. Specifically, the allegations are that she "was denied significant opportunities for discovery; was denied adequate notice regarding her right to retain counsel at government expense; and was prevented from making a full and fair presentation of her claims at the hearing." There is essentially no truth in, or support for, any of these allegations and we find no basis for reversing the Board's decision on due process grounds.

■ Tiffany claims that the presiding official failed to compel the agency to comply with her discovery requests. The short answer is that she did not ask the presiding official to do so. The Board has authority to issue an order compelling discovery, but a petitioner must request this action by filing a motion to compel with the presiding official. 5 C.F.R. §§ 1201.73, .74 (1986). The Acknowledgment Order issued by the Board on August 16, 1983 specifically directed Tiffany to these sections of the regulations.

■ Tiffany contends, however, that her letter of November 17, 1983, apprising the presiding official of the progress of her case, should be construed as an informal motion for an order to compel discovery. That letter did not request the presiding official to take any action.

■ An employee subjected to agency action for unacceptable performance "is entitled to be represented by an attorney or other representative." 5 U.S.C. § 4303(b)(1)(B) (1982). *See also* 5 U.S.C. § 7701(a)(2) (1982); 5 C.F.R. § 1201.31 (1986). The evidence of record establishes that Tiffany was provided adequate notice

---

1. Apparently by following the Department of Justice-Agency procedures described in *Howell*

*v. Merit Systems Protection Board,* 785 F.2d 282, 285 (Fed.Cir.1986).

of her right to representation which was sufficient to satisfy the obligation imposed by these statutes or regulation.

The agency's Decision to Demote letter of July 12, 1983 advised Tiffany that she was "entitled to representation" in any action she elected to pursue. The letter further stated that additional information concerning appeal rights could be obtained from the local Civilian Personnel Department. Tiffany also completed a United States Merit Systems Protection Board APPEAL form (Optional Form 283 (5/80)), which advises the prospective petitioner that "you have the right to designate someone to represent you on this appeal." The form further provides a section for the designation of such representative "during the course of the appeal."

■ Section 1201.41(b)(11) of Title 5 of the Code of Federal Regulations authorizes a presiding official to "[h]old prehearing conferences for the settlement and simplification of issues." The following excerpt is taken from the proceedings of Tiffany's hearing:

Presiding Official Butler:

\*   \*   \*   \*   \*   \*

Prior to going on the record, we had a prehearing conference during which a number of issues were covered. First, in Miss Tiffany's initial petition of appeal, she indicated under the section regarding discrimination that she had some problems with respect to the Agency's retaliation against her for an anti-smoking campaign that she had participated in beginning in 1976, and also a sort of a tangential allegation of racial discrimination.

At the prehearing conference we discussed these, and Miss Tiffany indicated that she has concluded that these two allegations had no effect on the demotion action taken against her and effective on July 24, 1983. So that those allegations are not affirmative defenses at this time; is that correct, Miss Tiffany?

Ms. Tiffany: Yes.

Based upon the foregoing we conclude that Tiffany voluntarily and knowingly consented to the dismissal of these claims prior to her hearing. Therefore, the presiding official did not abuse his discretion in simplifying the issues to be presented at the hearing.

■ The presiding official is authorized to rule on witness lists, i.e., to exclude witnesses whose testimony is considered to be irrelevant, immaterial or repetitious. 5 C.F.R. §§ 1201.41(b)(7), (b)(9), .62(a) (1986). At the onset of the hearing the presiding official commented on discussions held with Tiffany at the prehearing conference regarding her witness list. The presiding official noted that most of Tiffany's requested witnesses were witnesses the agency intended to call, and that she could cross-examine these witnesses in detail to develop her rebuttal evidence. The presiding official also ruled that the testimony of one member of the Employee Review Board would be sufficient.

Tiffany has failed to come forward with any specifics as to agency employees whose testimony she was deprived of, or the relevance and materiality of this allegedly excluded testimony. Nor has she shown how the testimony of all of the members of the Employee Review Board would buttress her case, or be other than repetitious testimony. Without more, there is no indication that the presiding official abused his discretion in his rulings on Tiffany's witness list.

Tiffany has not established that the conduct of the presiding official/MSPB was arbitrary, capricious, not in accordance with the law or in contravention of procedures required by law, rule or regulation. 5 U.S.C. § 7703(c)(1)-(2) (1982). Accordingly, the decision appealed from is

AFFIRMED.