845 F.2d 1034
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leonard JARRELL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3571.
 United States Court of Appeals, Federal Circuit.
 Feb. 23, 1988.
 
 Before FRIEDMAN, DAVIS, and PAULINE NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board) in docket No. DCO7528710172, dismissing for lack of jurisdiction the petitioner's appeal from his allegedly involuntary retirement from the United States Postal Service, is affirmed.
 
 OPINION
 
 2
 As a result of a restructuring of certain units at Postal Service Headquarters, the number of positions in the unit where the petitioner worked was reduced. The petitioner was not offered a position in the restructured unit, but was reassigned to a position in another city. Although that position was at a lower grade than he previously had held, the petitioner was entitled to indefinite retention of his grade and salary. The petitioner rejected the reassignment and retired from the Postal Service.
 
 
 3
 The petitioner then appealed to the Board, contending that his retirement was involuntary, constituting a constructive discharge. After a hearing, the administrative judge held that the retirement was voluntary and dismissed the appeal for lack of jurisdiction. The administrative judge discussed in detail the facts relating to the alleged involuntariness of the retirement and concluded that the petitioner had not established his contention.
 
 
 4
 We agree with the administrative judge, for the reasons explained in his opinion, that the petitioner had not shown that his retirement was involuntary. As the administrative judge found, the petitioner "was given a number of alternatives, none of which he liked. He testified that he had not wanted to end his career at this point, but that he chose not to be separated from his family. A choice limited to unpleasant alternatives does not obviate the voluntariness of it." The administrative judge further stated that the petitioner "did not present evidence that the agency planned any of the sequence of events herein to force his retirement" and found "nothing which indicates that the [petitioner] had no option but to retire, nor that any improper acts of the agency placed him in a position where he had to retire." These findings are supported by substantial evidence.
 
 
 5
 The petitioner further contends that the hearing was procedurally defective because the administrative judge did not permit testimony by certain witnesses the petitioner wished to call. The administrative judge has the discretion to limit the number of witnesses who will testify, and we cannot say that he abused that discretion in not permitting the petitioner to present the testimony of all the witnesses he wished to call. Cf. Tiffany v. Department of the Navy, 795 F.2d 67 (Fed.Cir.1986).