848 F.2d 1244
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lawrence V. BOTTA, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 85-2218.
 United States Court of Appeals, Federal Circuit.
 May 5, 1988.
 
 Before MARKEY, Chief Judge, RICH and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board), Docket No. NY07528410205 (Jan. 7, 1985), affirming the removal of Lawrence Botta from his position as a Letter Carrier with the United States Postal Service, is affirmed.
 
 OPINION
 
 2
 When this appeal from the board was initially filed in this court in 1985, it was promptly transferred to the District Court for the District of New Jersey on the basis that Mr. Botta's claims of discrimination rendered the case "mixed" so that jurisdiction lay solely with the district court. See Williams v. Department of the Army, 715 F.2d 1485 (Fed.Cir.1983) (in banc). On October 13, 1987, the district court granted the motion of the government to transfer the case back to this court because Mr. Botta did not present any discrimination issues before the district court, but simply challenged the presiding official's procedural rulings which had been affirmed by the board.
 
 
 3
 Nevertheless, in his reinstated appeal in this court, Mr. Botta continues to argue here that it was reversible error for the presiding official to fail to make explicit findings on his alleged discrimination claims. Mr. Botta presents no express challenge to the district court's finding that his discrimination claims were no longer being presented. Nor could such a challenge be entertained here, as it is not this court, but the appropriate regional circuit that is the proper forum in which to review a district court's conclusions and findings made in a "mixed" action.* Since Mr. Botta did not appeal the district court's finding to the Third Circuit, we conclude that there is no further need for consideration of any arguments with respect to his discrimination claims and that we properly have jurisdiction over the remaining issues in his appeal. See Hill v. Department of the Air Force, 796 F.2d 1469 (Fed.Cir.1986).
 
 
 4
 Mr. Botta challenges the evidentiary decisions of the board's presiding official to deny requested discovery as irrelevant and to limit the number of Mr. Botta's witnesses called to testify regarding mail volume, overtime practices, and credibility of agency witnesses. However, the presiding official is authorized to exclude testimony that is considered to be irrelevant, immaterial, or repetitious. Tiffany v. Department of the Navy, 795 F.2d 67, 70 (Fed.Cir.1986). Furthermore, this court may review evidentiary rulings in the MSPB only to determine if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See Hambsch v. Department of the Treasury, 796 F.2d 430, 435 (Fed.Cir.1986). Like the petitioner in Tiffany, Mr. Botta offers only general assertions of his need for more discovery and witnesses but makes no showing demonstrating the relevance or materiality of the excluded evidence or testimony. See 795 F.2d at 70. Therefore, we are unable to conclude that the presiding official abused his discretion in limiting Mr. Botta's proposed witness list or discovery under the circumstances of this case.
 
 
 5
 Furthermore, Mr. Botta has not demonstrated that the absence of the excluded evidence prejudiced his case or that admission of such evidence would have affected the outcome of his appeal of the removal action. The levels of overtime used generally at the Toms River Post Office and the amount used by other carriers on different routes are irrelevant to whether Mr. Botta abused overtime on his own route through his own deliberate actions. See Spezzaferro v. Federal Aviation Administration, 807 F.2d 169, 173 n. 2 (Fed.Cir.1986). Therefore, even if any of the evidentiary rulings by the presiding official were erroneous, they have not been shown to have resulted in harmful error requiring reversal. Handy v. United States Postal Service, 754 F.2d 335, 337-38 (Fed.Cir.1985).
 
 
 6
 Finally, we have considered Mr. Botta's remaining challenges to the procedures utilized in his MSPB hearing and find them to be without merit. Having been shown no reason to conclude that the board's decision upholding the results and procedures of Mr. Botta's hearing is arbitrary, capricious, an abuse of discretion, or otherwise unsupported by substantial evidence, 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984), we affirm.
 
 
 
 *
 See Blake v. Department of Air Force, 794 F.2d 170 (5th Cir.1986) (affirming district court's dismissal of MSPB appeal for lack of subject matter jurisdiction where racial discrimination issue was eliminated at the district court level); see also Paetz v. United States, 795 F.2d 1533 (11th Cir.1986) (reversing district court's determination in MSPB appeal that no age discrimination claim was pending in district court)