949 F.2d 402
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Herbert F. SKELTON, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 91-3244.
 United States Court of Appeals, Federal Circuit.
 Oct. 2, 1991.
 
 Before ARCHER, MICHEL and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Herbert F. Skelton petitions for judicial review of the initial decision of the administrative judge (AJ) dated October 3, 1990, Docket No. AT07529010639, which upon denial of review by the Merit Systems Protection Board (board) on February 22, 1991 became the board's final decision. See 5 C.F.R. § 1201.113(b). The AJ sustained the termination of Skelton's employment as a GS-12 electrical engineer by the Department of the Air Force due to his inability to engage in acceptable interpersonal relationships as a result of his medical condition. We affirm.
 
 DISCUSSION
 
 2
 On appeal, Skelton argues that he was improperly prevented from calling certain witnesses to testify concerning his "job performance and capabilities." Skelton has not demonstrated reversible error. The AJ has wide discretion in controlling the proceedings under 5 C.F.R. § 1201.41 and may properly exclude evidence or testimony that is irrelevant, immaterial or unduly repetitious, see Curtin v. Office of Personnel Management, 846 F.2d 1373 (Fed.Cir.1988); Frampton v. Department of the Interior, 811 F.2d 1486 (Fed.Cir.1987); Tiffany v. Department of the Navy, 795 F.2d 67 (Fed.Cir.1986), and Skelton has not shown the relevance or materiality of the testimony of the excluded witnesses. Moreover, Skelton was removed pursuant to 5 U.S.C. § 7511, et seq., to promote the efficiency of the Service due to his medically-grounded inability to engage in acceptable relationships with others and not for unacceptable job performance pursuant to 5 U.S.C. § 4301, et seq. The issue to be decided, then, was one of medical capacity rather than job performance. Therefore, the AJ did not err when he decided to limit witness testimony and to deny Skelton's request for thirty-two additional witnesses on the ground that "[t]heir testimony [did] not appear [ ] relevant." See Tiffany, 795 F.2d at 70.
 
 
 3
 All other issues raised on appeal by Skelton were thoroughly considered and correctly decided by the AJ.