NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3339

CHARLES WHITE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  April 10, 2006

_____

Before LINN, DYK, and PROST, Circuit Judges.

PER CURIAM.

Charles White ("White") appeals a decision of the Merit Systems Protection Board ("Board") sustaining a charge of "improper conduct by participating in a verbal and physical altercation," and affirming his removal from the United States Postal Service ("Postal Service").  White v. United States Postal Serv., No. AT-0752-05-0286-I-1 (M.S.P.B. July 28, 2005) ("Final Order").  Because the Board's decision sustaining the charge and the removal is supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error, we affirm.

BACKGROUND

On August 9, 2004, while White was attending the Mail Handler's Union picnic in Jacksonville, Florida, he and one of his coworkers, Mr. John Sawyer ("Sawyer"), became involved in a fight involving deadly weapons. After conducting an investigation, the Postal Service removed White from duty. White appealed to the Board, which affirmed the agency's decision. See White v. United States Postal Serv., No. AT-0752-05-0286-I-1 (M.S.P.B. May 2, 2005) ("Initial Decision"). The administrative judge ("AJ") found that, based on White's admissions against interest that he brandished a knife against a co-worker, the Postal Service proved its charge of improper conduct. The AJ's decision became the final decision of the Board after the Board denied White's petition for review. See Final Order, slip op. at 1-2. White timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

A. Standard of Review

Pursuant to 5 U.S.C. § 7703(c), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999). The petitioner bears the burden of establishing reversible error in reviewing a decision of an administrative agency such as the Board. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

## B. Analysis

To succeed in an adverse action against an employee, an agency must establish that the conduct occurred, that there is a nexus between the conduct and the efficiency of the service, and that the penalty imposed by the agency was reasonable. <u>Bryant v. Nat'l Sci. Found.</u>, 105 F.3d 1414, 1416 (Fed. Cir. 1997).

### 1. Conduct

White argues that, in sustaining the conduct determination, the Board failed to take into account testimony of Ms. Karen Goshay (who White claims was an eye witness) and an unidentified State Attorney (who White claims talked with the Postal Service regarding charges against Sawyer). White asserts that the testimony of these witnesses would help to show that he acted in self defense.

As concerns the testimony of Ms. Goshay, she wrote in her witness statement that she was "on kitchen duty" and "did not see the alleged event." The AJ denied White leave to call Ms. Goshay as a witness, finding that her testimony would not be relevant. A determination to allow or exclude witness testimony is within the sound discretion of the administrative judge. <u>See</u> <u>Tiffany v. Dep't of the Navy</u>, 795 F.2d 67, 70 (Fed. Cir. 1986). White has not shown that the AJ abused his discretion by excluding Ms. Goshay as a witnesses on relevancy grounds. Since Ms. Goshay did not witness the event, she could not provide relevant testimony as to whether White acted in self defense. Furthermore, because the AJ's decision was based on White's own admission that he brandished a knife, a fact which White admitted before the Postal Service and before the Board, and again admits before this court in his informal briefs, the Board did not abuse its discretion in excluding the testimony of Ms. Goshay.

Regarding the testimony of the State Attorney, although White asserts that the State Attorney might be able to proffer testimony regarding the State's charges against Sawyer, White does not explain how that testimony would be relevant to show that White acted in self-defense. Moreover, White failed to list the State Attorney on his witness list. Our precedent is clear that facts not before the Board cannot be considered on appeal. "Our precedent clearly establishes the impropriety of seeking a reversal of the [B]oard's decision on the basis of assertions never presented to the presiding official or to the [B]oard." Rockwell v. Dep't of Transp., 789 F.2d 908, 913 (Fed. Cir. 1986); see Oshiver v. Office of Pers. Mgmt., 896 F.2d 540, 542 (Fed. Cir. 1990) (holding that this court will not consider new evidence that was not presented to the Board); Rockwell, 789 F.2d at 913 (explaining that Congress limited this court's appellate review "to final orders and decisions of the Board on the record").

In sum, White has not identified any reversible error in the Board's decision to sustain the charge.

## 2. Nexus

White argues that, because the fight occurred when he was off duty, the Board erred in finding that the nexus had been established. The Postal Service argues that the Board's finding of nexus should be affirmed and notes that this court has found that off-duty conduct can give rise to a presumption of nexus. The Postal Service argues that White's conduct was sufficiently egregious that a nexus between the conduct and the efficiency of the service is presumed, as it was in Brown v. Department of the Navy, 229 F.3d 1356 (Fed. Cir. 2000) (off-duty affair with officer's spouse), Brook v. Corrado, 999 F.2d 523, 527-28 (Fed. Cir. 1993) (off-duty drug trafficking), Allred v. Department of

Health & Human Services, 786 F.2d 1128, 1130 (Fed. Cir. 1986) (off-duty child molestation), Dominguez v. Department of Air Force, 803 F.2d 680, 683 (Fed. Cir. 1986) (assault against supervisor at an off-duty location), and Hayes v. Department of the Navy, 727 F.2d 1535, 1539 (Fed. Cir. 1984) (off-duty assault and battery against child).

In the present case, the Board held that "disciplining [White] clearly promotes the efficiency of the Federal service notwithstanding that the fight occurred off duty." Initial Decision, slip op. at 7. The Board found that the misconduct had an adverse effect on the efficiency of the service because, although the misconduct did occur off-duty, it involved two agency employees, occurred in the presence of many postal employees who were attending a union-sanctioned event, troubled postal employees after the fact, and put postal employees in harm's way. Id., slip op. at 6-7.

The facts clearly indicate that White's fellow employees remained concerned about what had happened and complained about the incident to their supervisor. We therefore agree with the Board's findings and reasoning that White's misconduct against his fellow employee, in front of many co-workers at a union-sanctioned event, had a chilling effect upon relationships at the workplace which can only adversely impact the agency's ability to fulfill its mission with proper efficiency. We find no error in the Board's conclusion that the evidence was sufficient to demonstrate the required nexus.

### 3. Penalty

White also challenges the penalty, stating that "[t]here could have been a suspension instead of a dismissal since the other party had already resigned from the Postal Service and the likelihood [sic] of this incident spilling over at the workplace

05-3339                                                    5

would have been moot." The "[d]etermination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." Brook v. Corrado, 999 F.2d 523, 528 (Fed. Cir. 1993) (quoting Beard v. Gen. Servs. Admin., 801 F.2d 1318, 1322 (Fed. Cir. 1986)). Accordingly, "we will not disturb a penalty unless it exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.'" Gonzales v. Def. Logistics Agency, 772 F.2d 887, 889 (Fed. Cir. 1985) (quoting Villela v. Dep't of Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984)).

The Board found that White displayed no remorse and left the AJ with the distinct impression that he would have done exactly the same thing again. Initial Decision, slip op. at 7. The Board also found that the harm caused by White's misconduct caused lingering concerns in the workplace in that employees were worried about the incident. Id. In light of these findings, White's arguments do not demonstrate that his removal from the workplace was an abuse of discretion by the Postal Service.

## CONCLUSION

For the foregoing reasons, we conclude that the Board's decision sustaining a charge of improper conduct and affirming the penalty of removal is supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error. Accordingly, we affirm the Board's decision.

## COSTS

No costs.