NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3276

THOMAS S. WILSON,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED:  November 15, 2006

_____

Before DYK and PROST, <u>Circuit Judges</u>, and MCKINNEY, <u>Chief District Judge</u>.[*]

PER CURIAM.

Petitioner Thomas S. Wilson petitions for review of the final order of the Merit Systems Protection Board ("board"), sustaining the decision of the Department of Homeland Security ("agency") to remove Mr. Wilson from service.  We <u>affirm</u>.

---

[*]    Honorable Larry J. McKinney, Chief District Judge, United States District Court for the Southern District of Indiana, sitting by designation.

BACKGROUND

Mr. Wilson served as a Customs and Border Protection Officer in the Passenger Processing Branch of the Bureau of Customs and Border Protection at the Area Port in Dallas/Fort Worth, Texas. On September 12, 2004, he met Rosanna Silveira when she arrived on a flight from Brazil. Mr. Wilson and Ms. Silveira[1] were at his home on December 23, 2004 when Ms. Silveira called the police to report a domestic disturbance. Upon arrival at Mr. Wilson's home, police officers found controlled substances on the coffee table, and in his freezer and closet. At that time, Mr. Wilson gave a written statement which said:

> I, Thomas Wilson, was trying to help find marijuana for Josanna Silveira for her HIV. I went to Dallas to contact a friend to acquire marijuana for Josanna. The marijuana was purchased for $140 for Josanna on Tuesday the 12/21/04.

The agency removed Mr. Wilson from his position based on a charge of possession of illegal drugs or controlled substances. Mr. Wilson appealed his removal to the board. During his hearing before the administrative judge, Mr. Wilson sought to explain the presence of the substances in his home. He testified that the substances were purchased by and belonged to Ms. Silveira. Wilson v. Dep't of Homeland Sec., No. DA0752050472-I-2, slip op. at 11-12 (M.S.P.B. Feb. 16, 2006). Mr. Wilson also testified that the use of the term "marijuana" in his statement referred to the marijuana pills he believed Ms. Silveira had acquired as a prescription medication. Id., slip op. at 11. The administrative judge sustained the charge against Mr. Wilson finding that "it is undisputed that marijuana, a controlled substance, was found in his home and his

---

[1] Mr. Wilson also referred to Ms. Silveira in his statements and testimony as "Jossana" or "Josanna".

statement, voluntarily provided to the police officers, states that he acquired the marijuana for Silveira." Id., slip op. at 15. In making this finding, the board also determined that Mr. Wilson's denial that he purchased the marijuana was not credible. Id., slip op. at 13-15.

Mr. Wilson's subsequent petition of the administrative judge's decision to the board was denied. Wilson v. Dep't of Homeland Sec., No. DA0752050472-I-2, slip op. at 2 (M.S.P.B. May 22, 2006). Thereafter, the administrative judge's initial decision became the final decision of the board. 5 C.F.R. § 1201.113 (2005). Mr. Wilson timely petitioned this court for review of the board's final decision.

DISCUSSION

This court has jurisdiction to review a final order or decision of the board under 5 U.S.C. § 7703(b)(1). In reviewing the board's decision, this court

> shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . .

5 U.S.C. § 7703(c) (2000).

Mr. Wilson appears to argue that the administrative judge committed procedural error by excluding three witnesses who could have provided exculpatory testimony. An administrative judge "is authorized to rule on witness lists, i.e., to exclude witnesses whose testimony is considered irrelevant, immaterial, or repetitious." Tiffany v. Dep't of Navy, 795 F.2d 67, 70 (Fed. Cir. 1986). This court reviews procedural decisions under an abuse of decision standard. See Curtin v. Office of Pers. Mgmt., 846 F.2d 1373,

1378 (Fed. Cir. 1988). We will not overturn such a decision unless the abuse of discretion is clear and harmful. Id.

Two of Mr. Wilson's witnesses were excluded because they were not designated in a timely manner and that a third witness was excluded because the administrative judge did not find the witness's testimony to be relevant or material. However, affidavits from all three witnesses were accepted into the record. Mr. Wilson does not provide any reason why this court should find that these procedural decisions constituted an abuse of discretion or that they resulted in harm to his case. The board is certainly permitted to set and enforce deadlines throughout the appeal process. Further, in this case, the affidavits of all three witnesses were admitted into the record. Therefore, their testimony was not only before the administrative judge, it was subject to no cross examination by the agency. Given these facts, Mr. Wilson has not established that the administrative judge committed procedural error in excluding the live testimony of three of his witnesses.

Mr. Wilson also argues that the board failed to consider that he was not convicted of any crime for the events which led to his removal. In particular, Mr. Wilson notes that criminal charges against him were dropped so that he was not ultimately found guilty of any crime and that he "did nothing illegal by helping Ms. Silveira get her prescription filled." However, the lack of a criminal conviction does not require reversal of Mr. Wilson's removal. It is not necessary for Mr. Wilson to be convicted of a criminal offense for the agency's removal to be sustained. Smith v. U.S. Postal Serv., 789 F.2d 1540, 1541 n.1 (Fed. Cir. 1986) (stating that dismissal of criminal charges does not weaken an agency's case of removal); see Serrano v. United States, 612 F.2d 525,

530, (Ct. Cl. 1979) (noting that an acquittal of charges at court martial did not preclude agency from independently determining whether an employee acted improperly). Further, the agency is in no way estopped from imposing an adverse employment action solely because the criminal proceedings resulted in no conviction. The elements of a criminal violation are different from the elements of misconduct that must be proved to the board. The standard of proof is also higher in a criminal case (beyond a reasonable doubt) than in a proceeding before the board (preponderance of the evidence). See Rodriguez-Ortiz v. Dep't of the Army, 46 M.S.P.R. 546, 548 (1991) ("A determination by a court that the government had insufficient evidence to prove its criminal case beyond a reasonable doubt will not preclude an agency from attempting to prove the same set of facts by a preponderance of the evidence in a related administrative action."). Therefore, the lack of a criminal conviction does not preclude the agency from removing Mr. Wilson based on a charge of possession of illegal drugs or controlled substances.

Here, the board considered the testimony of the arresting officers and Mr. Wilson's statement during arrest, did not find Mr. Wilson's explanations credible, and accordingly found that the agency had proved its charge by a preponderance of the evidence. We find no error in the board's decision. We therefore affirm.

No costs.