NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3179

LEWIS THURSTON,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Lewis Thurston, of Decatur, Georgia, pro se.

Sean M. Dunn, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker , Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3179

LEWIS THURSTON,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED:  November 9, 2007

_____

Before LOURIE, SCHALL, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Lewis Thurston appeals from the final decision of the Merit Systems Protection Board ("Board") affirming removal from his position as a purchasing agent at the Department of Veterans Affairs ("the agency").  <u>Thurston v. Dep't of Veterans Affairs</u>, AT-0752-05-0639-I-1 (M.S.P.B. Feb. 28, 2007) ("<u>Final Decision</u>").  Because Thurston fails to identify any reversible error, we <u>affirm</u>.

## BACKGROUND

On May 20, 2005, Thurston was removed from his position as Purchasing Agent at the Veterans Affairs Medical Center in Atlanta, Georgia.  Thurston's removal was based on his failure to follow proper leave procedures, being absent without leave

("AWOL"), and failure to follow supervisory instructions. Those charges arose from the events described below.

On December 28, 2004, Thurston was instructed to report to the office of his second-line supervisor, David W. Peters. After refusing to do so, a proposed fourteen-day suspension was issued based on Thurston's "deliberate refusal to carry out a proper order, AWOL, and failure to follow proper leave requesting procedures." Thurston v. Dep't of Veterans Affairs, AT-0752-05-0639-I-3 at 2-3 (M.S.P.B. Oct. 18, 2006) ("Initial Decision"). On February 2, 2005, Thurston was again instructed to report to Peters' office to discuss the proposed suspension. He reported to the office, but refused to stay without union representation, despite being directed to do so.

On February 3, 2005, Peters was counseling Thurston as part of a performance improvement plan. During the session, Thurston left the training area after becoming angry, despite being instructed to remain. On that same day, all purchasing agents were also instructed to pick up new purchasing cards from Peters' office that day, but Thurston failed to follow that instruction. By e-mail and telephone, Peters again instructed Thurston to pick up his cards, but Thurston did not pick them up until March 1, 2005.

Additionally, on February 28, 2005, and March 4, 2005, Thurston was not at his work area between 1:00 pm to 1:30 pm and 9:45 am to 10:30 am, respectively. Thurston failed to notify his supervisors or provide a physician's statement to account for his absences, which he was required to do. Moreover, on March 8, 2005, Thurston disobeyed direct orders not to eat at his desk on that day because auditors were scheduled to tour the facility. Thurston, however, was seen eating a full tray of food at

his desk.

On April 14, 2005, the agency proposed Thurston's removal, effective May 20, 2005. Thurston appealed his removal to both the Board and the Equal Employment Opportunity ("EEO") Commission.

On October 18, 2006, based on the evidence of record, the Administrative Judge ("AJ") found that the agency established by preponderant evidence that Thurston failed to follow proper leave procedures, was absent without leave, and failed to follow supervisory instructions on numerous occasions. In reaching that conclusion, the AJ noted that Thurston was found to be "not credible," and that the "only consistent aspect of [Thurston's] testimony was its overwhelming evasiveness." Initial Decision at 14. The AJ further determined that the agency did not retaliate against Thurston for filing an EEO complaint, thereby rejecting Thurston's affirmative defense. Thus, the AJ sustained the agency's action of removal.

Thurston appealed the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113. Thurston timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. Ordinarily, we must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd.,

331 F.3d 1307, 1311 (Fed. Cir. 2003).

Thurston raises two main arguments on appeal. First, he argues that the Board erred by failing to take into account certain facts, including "[his] witness, [his] mental disability, [his] psychology reports, etc." Pet. Br. at 1. Second, Thurston argues that the Board committed legal error by not applying the "Disability Act" to his case. Id.

The government responds that the Board did not err by failing to take into account the testimony of Thurston's witness or facts relating to his alleged mental disability and psychology reports, but instead properly considered all relevant facts and evidence contained in the record. Second, the government argues that the Board did not commit legal error by not applying the Disability Act because Thurston did not properly raise any discrimination claims to the Board.

We agree with the government that the Board did not commit factual or legal errors in reaching its decision. We first address Thurston's contention that the Board erred by excluding the testimony of Thurston's witness. "Procedural matters relative to discovery and evidentiary issues," such as the decision to exclude witness testimony, "fall within the sound discretion of the board and its officials." Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378-79 (Fed. Cir. 1988) (citing Spezzaferro v. FAA, 807 F.2d 169, 173 (Fed. Cir. 1986); 5 C.F.R. § 1201.41(a) and (b) (1988)). Thus, we "will not overturn the board on such matters unless an abuse of discretion is clear and is harmful." Id. None appears here.

According to Thurston, his witness, identified as Debra Surry, will testify how he "was harassed over [and] over." Pet. Br. at 2. That conclusory statement, however, fails to demonstrate an abuse of discretion. Indeed, Thurston himself would be able to

testify about any harassment he purportedly suffered at work. Thus, any testimony by Surry stating the same thing would be duplicative, and it was within the AJ's discretion to exclude it. See Tiffany v. Dep't of Navy, 795 F.2d 67, 70 (Fed. Cir. 1986) ("The presiding official is authorized to rule on witness lists, i.e., to exclude witnesses whose testimony is considered to be irrelevant, immaterial or repetitious."). Moreover, based on the testimony of Shasta Hood, the official who proposed Thurston's removal, and James Blaylock, the deciding official, the AJ determined that "the agency would have taken the same action even in the absence of [Thurston's] prior EEO activity". Initial Decision at 30. Thus, the exclusion of testimony regarding alleged harassment against Thurston, which relates to the basis of Thurston's EEO complaints, was harmless, and therefore did not constitute an abuse of discretion.

With regard to Thurston's contention that the Board erred by failing to consider his mental disability and psychology reports, and also committed legal error by failing to apply the Disability Act, those arguments are without merit. Significantly, Thurston never alleged a claim for disability discrimination. See Initial Decision at 2 n.3 ("Although appellant makes several references to his medical condition and the agency's failure to accommodate it, it is important to note that the appellant never claimed disability discrimination."). Thus, facts relating to Thurston's alleged disability and the Disability Act itself were irrelevant. Moreover, even if Thurston properly raised a claim for discrimination, we would lack jurisdiction over his claims. See Davidson v. U.S. Postal Serv., 24 F.3d 223, 223-24 (Fed. Cir. 1994) ("this court held that it had no jurisdiction over the merits of a mixed case, i.e., one involving an adverse action and a claim of discrimination") (citing Williams v. Dep't of the Army, 715 F.2d 1485 (Fed. Cir.

1983)).  Thus, we discern no error in the Board's decision not to consider facts and law relating to Thurston's alleged disability.  Accordingly, because Thurston fails to identify any reversible error, we <u>affirm</u>.