**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-31058

MARK R MALOUSE

Plaintiff-Appellant

v.

DONALD C WINTER

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-3590

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff Mark Malouse appeals the district court's grant of summary judgment in favor of Defendant Donald Winter, as Secretary of the Navy, on Plaintiff's challenge to the decision of the Merit Systems Protection Board affirming his removal from employment as a civilian pharmacist at the Naval Branch Health Clinic in Gulfport, Mississippi, and on his several discrimination and retaliation claims under federal law. Reviewing the record *de novo*, *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008), we AFFIRM as follows.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. We agree with the district court that the administrative law judge ("ALJ") acted well within its discretion when excluding three witnesses proffered by Plaintiff whose testimony was irrelevant, immaterial, or cumulative. *See Guise v. Dep't of Justice*, 330 F.3d 1376, 1379 (Fed. Cir. 2003). Plaintiff also failed to submit competent summary judgment evidence below demonstrating that he moved to compel the agency to identify and produce certain documents and that the ALJ denied the motion. *See, e.g.*, *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("[U]nsubstantiated assertions are not competent summary judgment evidence."). Without such proof, Plaintiff cannot establish that the ALJ violated his right to discovery or to due process by denying a motion to compel. *See, e.g.*, *Tiffany v. Dep't of Navy*, 795 F.2d 67, 69 (Fed. Cir. 1986) (filing a motion to compel is a prerequisite to challenging a failure to produce discovery).

2. The district court correctly held that the Board's affirmance of Plaintiff's removal was not arbitrary or capricious, unsupported by substantial evidence, or otherwise not in accordance with the law. *See Aldrup v. Caldera*, 274 F.3d 282, 288 (5th Cir. 2001). We conclude that a reasonable mind would accept the evidence presented to the ALJ as an adequate basis to conclude that Plaintiff committed the infractions charged in the notice of removal. *See Bonet v. U.S. Postal Serv.*, 712 F.2d 213, 216 (5th Cir. 1983) (defining the substantial evidence standard). Plaintiff's attempts to downplay the seriousness of his infractions or to shift blame to others do not affect our conclusion. *Id.* (holding that this court cannot reweigh the evidence or substitute its own judgment for that of the Board). Particularly in light of Plaintiff's record of prior discipline, we also defer to the ALJ's conclusion that removal was reasonable in this case. *Williams*, 533 F.3d at 374.

3. Plaintiff's contention that the district court erred in upholding the Board's ruling on his claims under the Whistleblower Protection Act ("WPA"), 5 U.S.C.

§ 2302, and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311, is likewise without merit. Reviewing the ALJ's decision under the deferential standard applicable to these claims, *see* 5 U.S.C. § 7703(b)(2), (c) (prescribing the standard of review for all but discrimination claims in § 7702); § 7702(a)(1)(B) (listing the covered discrimination claims, which do not include claims under the WPA or USERRA), we decide that the ALJ's conclusion that the employment actions taken against Plaintiff were not causally related to his complaint to the Joint Commission for the Accreditation of Healthcare Organizations about a pharmacy procedure or to his military service was not arbitrary or capricious, unsupported by substantial evidence, or contrary to law. *See, e.g.*, *Drake v. Agency for Int'l Dev.*, 543 F.3d 1377, 1380 (Fed. Cir. 2008) (requiring, *inter alia*, a showing that the acting official took the personnel action against the employee because of a protected disclosure to establish a violation of the WPA); *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) (explaining that a plaintiff alleging a violation of USERRA must meet an initial burden of establishing that his military service was a "substantial or motivating" factor behind the adverse employment action).

4. Reviewing the record *de novo*, 5 U.S.C. § 7703(b)(2), (c), we find no evidence suggesting the Navy's proffered and legitimate reasons for terminating his employment, namely, his numerous instances of misconduct and extensive disciplinary record, are pretextual, as is required to raise a genuine issue of material fact on Plaintiff's retaliation and race, gender, and religious discrimination claims under Title VII. *See Nasti v. CIBA Speciality Chems. Corp.*, 492 F.3d 589, 593 (5th Cir. 2007) (applying the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817 (1973), to Title VII disparate treatment claims and affirming summary judgment for the employer based on the plaintiff's failure to demonstrate pretext); *Aldrup*, 274 F.3d at 286 (same framework applies to Title VII retaliation claims). Plaintiff's

subjective belief of discriminatory intent or retaliatory motive is insufficient. *See Septimus v. Univ. of Houston*, 399 F.3d 601, 611 (5th Cir. 2005) (holding "mere speculation" of retaliation cannot demonstrate pretext); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000) (rejecting plaintiff's reliance on subjective belief regarding discriminatory intent).

5.  Even assuming, as did the district court, that Plaintiff's claim of religious discrimination in employment is independently actionable under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1, we similarly find that Plaintiff has failed to demonstrate that the Navy's actions against him were causally related to his objection on religious grounds to dispensing contraceptives instead of his own misconduct.

AFFIRMED.