NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ROBERT W. HOLDSWORTH, JR.,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

_____

2011-3214

_____

Petition for review of the Merit Systems Protection Board in case no. PH0752100295-I-1.

_____

Decided: February 9, 2012

_____

ROBERT W. HOLDSWORTH, JR., of Philadelphia, Pennsylvania, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

_____

Before RADER, *Chief Judge*, LINN and DYK, *Circuit Judges*.

PER CURIAM.

Robert W. Holdsworth ("Holdsworth") appeals from a final decision of the Merit Systems Protection Board ("Board"), affirming a decision of the United States Postal Service ("USPS" or "Agency") to remove Holdsworth from his position as a letter carrier. Because substantial evidence supports the Board's decision, because the Administrative Judge ("AJ") did not abuse his discretion in not admitting certain evidence, and because the AJ also did not abuse his discretion in assessing the *Douglas* factors in determining the penalty of removal, this court affirms.

## I. BACKGROUND

Holdsworth served as a letter carrier for the USPS for twenty-two years. In August or September 2008, Inspector Teresa Ryan ("Inspector Ryan") from the U.S. Postal Inspection Service ("USPIS") advised Holdsworth that USPIS would be conducting a "mail cover" in connection with a criminal mail fraud investigation. A "mail cover" is "the process by which a nonconsensual record is made of any data appearing on the outside cover of any sealed or unsealed class of mail matter . . . to obtain information for [*inter alia*]: . . . [o]btaining evidence of commission or attempted commission of a crime." USPS Intranet, Administrative Support Manual, 213 Mail Covers. On December 17, 2008, the USPIS, the Federal Bureau of Investigation, and the Department of Health and Human Services ("the inspectors") executed search warrants on the targets of the mail cover. Contrary to the inspectors' expectations, the targets were not surprised by the inspection, but rather were already on notice of the investigation because, they said, their letter carrier had informed them that the authorities were watching their

mail. After conducting an investigation, on October 1, 2009, the Agency issued a notice of Holdsworth's proposed removal based on the stated charge of "improper conduct/providing confidential information to a postal customer of a government matter/interference in a criminal investigation."

Four days following notice of his proposed removal, on October 5, 2009, Holdsworth engaged in activity forming the basis for a second charge against him in an amended removal notice: "charge #2 – improper conduct - inappropriate conduct towards a postal customer." This charge stems from Holdsworth's alleged use of profanity to several members of a family on his route, following what Holdsworth believed was one of the family member's improper handling of mail addressed to others. In a notice dated October 8, 2009, the Agency informed Holdsworth that he was being placed on emergency off-duty status. On October 13, 2009, the Agency issued the amended removal notice, adding the second charge described above.

On December 3, 2009, the Agency's deciding official, Steven Ulrich ("Ulrich"), issued a letter of decision concluding—based on the factors listed in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981) ("*Douglas* factors")—that the penalty of removal was warranted. On February 5, 2010, an arbitrator conducted a hearing in accordance with the National Association of Letter Carriers' ("Union") agreement, to investigate whether there was just cause for the Agency's notices of October 1, 8, and 13. The Arbitrator considered the Union's arguments and concluded that the Agency's emergency off-duty placement and removal of Holdsworth were justified. *U.S. Postal Serv. v. Nat'l Assoc. of Letter Carriers, AFL-CIO*, No. C06N-4C-D 10008189 157-128-1000-20009 at 12 (Mar. 7, 2010) (Brown, Arb.) ("*Arbitration Decision*").

On March 18, 2010, Holdsworth appealed the Agency's removal decision to the Board. The AJ affirmed

the Agency's decision. *Holdsworth v. U.S. Postal Serv.*, PH-0752-10-02950I-1 (Nov. 16, 2010) ("*Initial Decision*"). On June 28, 2010, the full Board denied Holdworth's petition for review and adopted the AJ's initial decision as final. Holdsworth appealed, and this court has jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

### A. Standard of Review

This court's review of a Board decision is limited by 5 U.S.C. § 7703(c). *See, e.g.*, *Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Accordingly, this court affirms a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

### B. Analysis

#### i.

Holdsworth argues that the AJ committed prejudicial error by (1) not permitting him to call allegedly relevant witnesses, specifically the targets of the mail cover and his supervisor Lashonda Colter ("Colter"); and (2) concluding that he "knowingly violated any policy of the postal service." The Agency counters that (1) the Board properly disapproved Holdsworth's witnesses because Holdsworth presented no explanation of the substance of their expected testimony and the AJ has the authority "to exclude witnesses whose testimony is considered irrelevant, immaterial, or repetitious," *Tiffany v. Dep't of Navy*, 795 F.2d 67, 70 (Fed. Cir. 1986); and (2) "the [AJ] acted well within his discretion in discrediting [] Holdsworth's technical excuse and finding that [] Holdsworth did, in

fact, know that he was not to disclose the USPIS investigation to the subjects of that investigation."

Holdsworth's argument with respect to the disapproved witnesses lacks merit. Holdsworth never listed the targets as witnesses, and he failed to explain to the AJ the substance of Colter's testimony. In his witness statement, Holdsworth wrote, "Coulter [sic] – floor sup. at Rox station." The AJ explained that "[a]fter extensive discussion, [Holdsworth] was unable to verbally explain how any of the witnesses [other than the four he approved] would be able to provide relevant testimony." *Summary of Telephonic Prehearing Conference*, PH-0752-10-0295-I-1, at 3 (Oct. 13, 2010). Accordingly, this court has no reason to conclude that the AJ abused his discretion in disapproving Colter as a witness. Moreover, Holdsworth failed to object to the AJ's disapproval of any of his witnesses within the ten-day period that the AJ gave him to do so, and thus did not preserve this issue for appeal. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the [AJ] if the issue is to be preserved for review in this court.")

This court further agrees with the Agency that substantial evidence supports the conclusion that Holdsworth knew that it was improper to disclose a mail cover to the subjects of the investigation. The AJ's credibility-based fact finding is "virtually unreviewable on appeal." *Bieber v. Dep't of Army*, 187 F.3d 1358, 1364 (Fed. Cir. 2002). Here, the AJ found that Holdworth's testimony lacked credibility, specifically in light of Holdsworth's admission "that he figured the inspectors must have been interested in the [targets] because they were engaged in wrongdoing," yet nevertheless informed the targets of the USPIS's investigation. *Initial Decision* at 6. The AJ concluded that "[Holdsworth] knew or should have known that he was required to refrain from informing customers of an investigation into matters involving their mail by the

[USPIS], which is an investigatory arm of his employer." The AJ's conclusion is consistent with the arbitrator's finding that Holdsworth "may not hide behind blanket statements of ignorance of basic matters he should have learned in the ordinary course of performing his job." *Arbitration Decision* at 11. Specific knowledge is not a requirement of a charge of improper conduct. *See Rogers v. Dep't of Justice*, 60 M.S.P.R. 377, 388-89 (1994) (holding that an employee's lack of notice that his conduct was wrong does not disprove a charge and should only "be considered in assessing the reasonableness of the penalty imposed"). The AJ's conclusion that Holdsworth knew not to disclose the mail cover to the subjects of his employer's investigation is supported by substantial evidence.

ii.

Holdsworth also argues that the Board erred in affirming the Agency's determination of the penalty of removal under the *Douglas* factors because the AJ "refused to acknowledge that the Postal Service refused to assess relevant mitigating circumstances." Holdsworth asserts that the deciding official, Ulrich, was familiar with his personnel file, yet "[Ulrich] did not consider relevant, material and substantial mitigating factors in [his] personnel file" and thus "failed to properly assess the disciplinary action for the alleged wrongdoings." The Agency counters that Ulrich was not required to consider these mitigating factors because Holdsworth never informed the Agency of these circumstances.

Holdsworth's argument that the deciding official should have recognized mitigating factors not raised by Holdsworth at that time lacks merit. *See Yeschick v. Dep't of Transp.*, 801 F.2d 383, 385 (Fed. Cir. 1986). "The agency is not prescient, and neither is the board—and while both have a statutory duty to respond to significant mitigating circumstances raised for consideration, neither can be held to account for failing to consider factors initially deemed so insignificant by petitioner as to war-

rant his silence about them." *Id.* (citation omitted). Thus, the failure to consider alleged mitigating circumstances not raised by Holdsworth is not an abuse of discretion. *See Nagel v. Dep't of Health & Human Servs.*, 707 F.2d 1384, 1386 (Fed. Cir. 1983) ("[N]either statute nor regulation *requires* an agency to demonstrate that it considered all mitigating factors." (emphasis in original)). Here, the penalty of removal is fully supported by substantial evidence based upon the relevant *Douglas* factors brought up for consideration by the Agency.

This court has thoroughly considered Holdsworth's remaining arguments and concludes that they lack merit.

## III. CONCLUSION

For the foregoing reasons, this court affirms the Board's final decision.

**AFFIRMED**

### COSTS

Each party shall bear its own costs.