**Eric R. ALLEN, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

**No. 03–3275.**

United States Court of Appeals,
Federal Circuit.

DECIDED: May 21, 2004.

Donald Glen Gilpin, Principal Attorney, Gilpin & Keefe, Albuquerque, NM, for Petitioner.

Stephen D. Lobaugh, Principal Attorney, Lori J. Dym, David G. Karro, Donald E. Kinner, David M. Cohen, David D'Alessandris, of Counsel, Washington, DC, for Respondent.

Before SCHALL, DYK and PROST, Circuit Judges.

## DECISION

SCHALL, Circuit Judge.

Eric R. Allen petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the United States Postal Service ("agency") removing him from the position of Supervisor, Customer Service, EAS–16, at the Coronado Postal Station, Santa Fe, New Mexico. *Allen v. United States Postal Service,* No. DE–0752–01–0289–I–1, 94 M.S.P.R. 479, 2003 WL 21458256 (June 19, 2003). We *vacate* and *remand.*

## DISCUSSION

### I.

Effective May 2, 2001, Mr. Allen was removed from his position for misuse of Postal Service funds. The sequence of events leading up to Mr. Allen's removal began when he was reassigned from his EAS–16 supervisory position in Toledo, Ohio, to the EAS–16 supervisory position in Santa Fe on August 14, 1999. The agency advanced Mr. Allen $2500.00 to cover various expenses prior to his move. In addition, the agency provided him with a government-issued credit card ("GICC") for use in obtaining authorized cash travel advances and for paying legitimate moving expenses incurred during the relocation process.

Following his relocation to Santa Fe, Mr. Allen sought reimbursement for the expenses he had incurred in connection with his move. He did so in two separate claims, one in the amount of $2245.76, submitted on November 6, 1999, and a second in the amount of $3062.40, submitted on January 6, 2000, for a total amount of $5308.15. The agency reimbursed Mr. Allen on February 11, 2000, by paying him $4744.26. That sum represented the total amount of his reimbursement claim, less withholding for taxes. At the time Mr. Allen received reimbursement from the agency, the total amount of charges outstanding on the GICC was $6363.61. Under the contract with the credit card company, Mr. Allen was responsible for paying these charges. However, although he made a payment in March of 2000, he did not pay the entire $6363.61 bill until Sep-

tember 15, 2000, by which time the credit card company had cancelled the GICC for failure to make payment.

After the GICC was cancelled, the agency investigated the matter. Jose R. Trujillo, Mr. Allen's immediate supervisor, met with Mr. Allen on September 22, and October 30, 2000. At both meetings, Mr. Allen stated that he had paid the delinquent credit card bill. In the September 22 meeting, Mr. Allen told Mr. Trujillo that he had not received final payment on his voucher until early September of 2000. Mr. Trujillo asked Mr. Allen to produce documentation showing that he had received a travel reimbursement check in early September and that he had applied that reimbursement to pay the outstanding GICC bill. By the time Mr. Trujillo and Mr. Allen met in October, Mr. Allen still had not provided the documentation Mr. Trujillo had requested in September. When Mr. Trujillo asked Mr. Allen why he had delayed paying the bill, Mr. Allen stated that it was due to procrastination on his part.

## II.

On January 8, 2001, the agency informed Mr. Allen that it proposed to remove him for misuse of Postal Service funds. Citing the fact that Mr. Allen had submitted various travel vouchers and that he had been paid on those vouchers, Mr. Trujillo stated: "You failed to pay your government card. Because of this your account went into precancellation in December of 1999." Finally, Mr. Trujillo pointed out that, as of the date of the notice of proposed removal, although Mr. Allen had paid the debt that originally had led to the cancellation of the GICC ($6363.61), there remained unpaid $1346.47 in past due charges on the account, for which Mr. Allen was responsible. He also pointed out that Mr. Allen had failed to

provide the documentation that he had been asked to furnish in September. Mr. Trujillo concluded:

> The record clearly reveals that you received payment for your travel and relocation and you did not pay your government credit card as you agreed. Because of your actions your credit card was cancelled and to date you still have an outstanding balance after over one year of when you first began your travel.... Your actions are a serious violation of the trust given to you.

On May 2, 2001, the agency informed Mr. Allen that the decision had been made to remove him from his position based upon the charge set forth in the January 8 notice of removal, misuse of Postal Service funds. The deciding official, the Santa Fe Postmaster, stated:

> I do agree that you did pay the entire debt off on September 15, 2000. However, this was about 7 months after you received your final payment on February 11, 2000 from the Postal Service for reimbursement of expenses and approximately 11 months after you made the initial payment of $4700.00 on March 9, 2000. Even at this the record does reveal that at the time the proposed removal was issued you were still past due in the amount of $1346.47. I find that if anyone was negligent it was you when you failed to provide the information requested of you during your investigative interview dated September 22, 200[0] that showed that you had paid this amount off. You did not provide this information to me until the meeting of February 1, 2001.... I waited for you to present this evidence to me for close to 11 weeks and when you failed to produce the evidence you left no alternative but to issue the proposed removal. Be this as it may I still find that your removal is proper as you still received

payment for your travel and relocation and failed to pay your government credit card in a timely manner that resulted in your charge privileges to be cancelled. Your actions have in effect resulted in getting an interest free loan.

Mr. Allen appealed his removal to the Board. Following a hearing, the Board's chief administrative judge ("CAJ"), to whom the case was assigned, issued an initial decision in which he sustained the agency's action removing Mr. Allen based upon the charge of misuse of Postal Service funds. *Allen v. United States Postal Serv.,* No. DE–0752–01–0289–I–1 (April 30, 2002). The CAJ's initial decision became the final decision of the Board on June 19, 2003, after the Board denied Mr. Allen's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed. Cir.1998). Mr. Allen raises several arguments on appeal. We need not address them all, however, for one issue is dispositive of the case.

It is well settled that "[w]hen an agency proposes to discipline an employee, it must notify the employee of the conduct with which he is charged 'in sufficient detail to permit the employee to make an informed reply.'" *Lachance v. Merit Sys. Prot. Bd.,* 147 F.3d 1367, 1371 (Fed.Cir.1998) (quot-

ing *Pope v. United States Postal Serv.,* 114 F.3d 1144, 1148 (Fed.Cir.1997); *Brook v. Corrado,* 999 F.2d 523, 526 (Fed.Cir.1993)). We have further stated that "[o]nly the charge and specifications set out in the [notice of proposed removal] may be used to justify punishment because due process requires that an employee be given notice of the charges against him in sufficient detail to allow the employee to make an informed reply." *O'Keefe v. United States Postal Serv.,* 318 F.3d 1310, 1315 (Fed.Cir. 2002). In short, when an agency disciplines an employee, it may only do so based upon the charges in the notice of proposed removal—so that the employee knows the misconduct with which he or she is charged and may defend against the charge. The problem in this case is that there is a question as to whether this fundamental requirement of due process was met.

As noted, the notice of proposed removal charged Mr. Allen with misuse of Postal Service funds. Thereafter, in his decision letter, the deciding official stated that he was removing Mr. Allen based upon that charge. Subsequently, proceedings before the Board focused upon whether the agency had proved its charge of misuse of Postal Service funds. The CAJ concluded that it had, and the Board denied Mr. Allen's petition for review. However, during oral argument before this court, counsel for the agency was asked, by members of the panel, various questions relating to the agency's removal action against Mr. Allen:

> COURT: But [the bill] was paid as of September right?
>
> COUNSEL: Yes, but we didn't know that. He gave us no evidence.
>
> COURT: So he never would have been charged if you had known what the real facts were?
>
> COUNSEL: I don't think so.

*    *    *    *    *    *

928

COURT: You mean you're saying ... that if, in fact, he had come in, in September, and said "Oh, here's my receipt from Citibank for my money," he wouldn't have been charged?

COUNSEL: He would not have been.

\* \* \* \* \* \*

COURT: So he never would have been charged if he'd actually shown you in September what he did in September?

COUNSEL: That is correct. He wouldn't have been charged probably....

Agency counsel's statements appear consistent with what the deciding official said in his letter of decision removing Mr. Allen from his position: "I waited for you to present this evidence to me for close to 11 weeks and when you failed to produce the evidence you left no alternative but to issue the proposed removal."

Based upon the record before us and the proceedings that have taken place, there is a question as to whether Mr. Allen was removed for misuse of Postal Service funds, the conduct charged in the notice of proposed removal, or whether he was removed for failing to be forthcoming and cooperative with the agency in its investigation of the matter of the cancellation of the GICC, conduct with which he was not charged. On the one hand, there is the notice of proposed removal setting forth the charge of misuse of Postal Service funds. On the other hand, we have before us the statement of the deciding official in the letter of decision removing Mr. Allen and the statements of agency counsel at oral argument. Thus, it is not clear whether, in this case, there has been compliance with the requirement that "[o]nly the charge and specifications set out in the

[notice of proposed removal] may be used to justify punishment." *O'Keefe*, 318 F.3d at 1315. In other words, was Mr. Allen removed for the conduct with which he was charged, or was he removed for failing to cooperate with the agency, conduct with which he was not charged? Under these circumstances, we think that the appropriate course is to vacate the decision of the Board and to remand the case to the Board for further proceedings to determine whether the agency complied with the requirements of due process, *see O'Keefe, Lachance, supra*, in its disciplinary action.[1]

For the foregoing reasons, the decision of the Board sustaining Mr. Allen's removal is vacated. The case is remanded to the Board for further proceedings consistent with this opinion.

Each party shall bear its own costs.

---

1. In view of our disposition, we do not reach other arguments raised by Mr. Allen on appeal.