NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3072

RONALD BREWER,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Neil C. Bonney, Bonney & Allenberg, PC, of Virginia Beach, Virginia, for petitioner.

Ronald G. Morgan, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3072

RONALD BREWER,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED: August 10, 2007

_____

Before LOURIE and LINN, <u>Circuit Judges</u>, and BUCKLO, <u>District Judge</u>.[*]

PER CURIAM.

Ronald Brewer appeals the final decision of the Merit Systems Protection Board ("Board") affirming his removal from employment as the Recreation Program Manager at the Department of Defense's Joint Forces Staff College ("JFSC"), National Defense University, Norfolk, Virginia. <u>Brewer v. Dep't of Defense</u>, No. DC-0752-06-0055-I-1 (M.S.P.B. Oct. 20, 2006). Because the Board's decision is supported by substantial evidence and is in accordance with the law, we <u>affirm</u>.

---

[*] Honorable Elaine E. Bucklo, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

## I. BACKGROUND

Mr. Brewer became the Recreational Programs Manager at JFSC in 2002. His responsibilities included coordinating and directing the activities of the Morale, Welfare and Recreation Department ("MWR") and the Visitors Quarters ("VQ") and he supervised approximately 75 civilian and military employees. On August 30, 2005, the Department of Defense ("the agency") proposed removing Mr. Brewer from federal service based on charges of failure to cooperate in an agency investigation, misuse of government property, and conduct unbecoming a supervisor.

Specifically, Mr. Brewer was charged with: (1) failure to cooperate in an agency investigation (a) when he refused, on the advice of his attorney, to answer the investigator's questions, and (b) advising MWR employees not to implicate him in any wrongdoing when they were interviewed by the investigator; (2) misuse of government property (a) when he allegedly requested staff at the VQ to issue keys to the Distinguished VQ to his subordinates, (b) failed to pay the full rental cost for his use of a unit in the VQ for approximately six months, (c) failed to pay for several VQ units for which he held keys during the period September 22, 2003, to March 27, 2004, (d) improperly authorized a subordinate to spend MWR funds for exercise clothing, and (e) on a regular basis consumed and allowed certain MWR employees to consume alcoholic beverages and food free of charge at a small restaurant and pub on the JFSC campus called Pub 1; (3) conduct unbecoming a supervisor for (a) allegedly regularly consuming alcohol on duty with subordinates during working hours, regularly encouraging subordinates to drink alcoholic beverages and eat food at Pub 1 without paying while on and off duty, and (b) directing subordinates to encourage their

employees to use the Equal Employment Opportunity ("EEO") process to file complaints against the commanding officer of JFSC, Captain Jeanne McDonnell.

Mr. Brewer submitted a written response to the agency denying the charges. On October 12, 2005, Captain McDonnell—the deciding official—ordered Mr. Brewer's removal, which became effective October 21, 2005. In reaching her decision as to the appropriate penalty, Captain McDonnell considered Mr. Brewer's response, and completed a "Disciplinary Penalty Worksheet for Managers." Mr. Brewer appealed the removal decision to the Board.

An administrative judge ("AJ") conducted a two-day hearing. The evidence against Mr. Brewer consisted primarily of witness testimony. In his defense, Mr. Brewer explained that he refused to answer the investigator's questions based on the initial rights advisement warning him of his right to remain silent and that evidence obtained from the interview could be used against him. Mr. Brewer also called witnesses to dispute the agency witnesses' accounts on the other charges.

After considering the evidence and testimony, the AJ sustained all of the charges and specifications, except specifications one and three of charge two (misuse of government property when he allegedly requested staff at the VQ to issue keys to the Distinguished VQ to his subordinates and failed to pay for several VQ units for which he held keys during the period September 22, 2003, to March 27, 2004). Brewer v. Dep't of Defense, No. DC-0752-06-0055-I-1 (M.S.P.B. April 28, 2006). The full Board denied Mr. Brewer's petition for review, thereby making the AJ's decision final. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.   DISCUSSION

This court may only set aside a Board decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Credibility determinations are within the AJ's discretion and are "virtually unreviewable" on appeal. Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004) (quoting King v. Dep't of Health & Human Servs., 133 F.3d 1450, 1453 (Fed. Cir. 1998)).

As in Frey, Mr. Brewer has not advanced sufficient reason for overturning the AJ's credibility determinations. Id. The AJ properly considered the relevant testimony and evidence before her, discussing it in detail and explaining her reasons for crediting the testimony she believed. Moreover, substantial evidence supports the AJ's findings. Cumulatively, the testimony credited by the AJ with respect to all of the affirmed charges and specifications is substantial.[1]

Mr. Brewer also claims the charges against him were vague, in violation of due process. As determined by the AJ, Mr. Brewer was sufficiently on notice of the sustained charges and was able to defend himself. The omission of some of the pertinent dates in the charges is not improper per se. See Pope v. United States Postal Serv., 114 F.3d 1144, 1148-49 (Fed. Cir. 1997) (denying challenge to sufficiency of

---

[1]    Mr. Brewer's argument that his refusal to answer questions by the investigator was protected by the Fifth Amendment's privilege against self-incrimination, and therefore charge one/specification one (failure to cooperate during an agency investigation) cannot be sustained, is legally incorrect. When answering an agency's question, an employee may invoke his Fifth Amendment right to remain silent. However, an agency may still take into consideration and make an adverse inference from the failure of the employee to respond. See LaChance v. Erickson, 522 U.S. 262, 267-68 (1998). Mr. Brewer chose to remain silent and face dismissal; accordingly the Board did not err in sustaining charge one/specification one.

notice where appellant claims he was not provided "dates, times, and places"). "Due process requires that the charges in the notice be set forth 'in sufficient detail to allow the employee to make an informed reply.'" Id. at 1148 (quoting Brook v. Corrado, 999 F.2d 523, 526 (Fed. Cir. 1993)). In this case, Mr. Brewer responded to all the sustained charges and was able to mount a defense. Mr. Brewer does not point to any specific portion of the record that suggests otherwise or that the AJ erred in making such a determination.

Mr. Brewer argues his due process rights were also violated as a result of Captain McDonnell's bias against him and her attempts to influence some of the witnesses against him. The AJ found the witnesses credible, however, and we see no basis for departing from such credibility determinations.

Mr. Brewer also takes issue with the AJ's discovery and evidentiary decisions. He claims these violated his due process rights. With respect to the discovery rulings, the AJ found that the documents sought by Mr. Brewer (the precise contents of which are not identified by the appellant) were provided during discovery before the AJ, but Mr. Brewer complained this was too late because he had already been ordered removed from his employment. This ruling does not fail to comport with due process and is not an abuse of discretion. "The essential requirements of due process . . . are notice and an opportunity to respond." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545-46 (1985) (full adversarial hearing is not required before termination of public employment). Mr. Brewer was not denied notice or an opportunity to respond to the sustained charges. He did, in fact, file a response and the documents at issue were available for the hearing before the AJ. Furthermore, Mr. Brewer fails to identify how his

possession of such documents would have altered his response to the agency prior to his removal.

Similarly, Mr. Brewer's claim that the AJ's refusal to allow his counsel to ask Captain McDonnell about her interpretation of the charges was a due process violation is misguided. An administrative judge has discretion to exclude witnesses when testimony would be irrelevant. See Guise v. Dep't of Justice, 330 F.3d 1376, 1379 (Fed. Cir. 2003) (citing Tiffany v. Dep't of Navy, 795 F.2d 67, 70 (Fed. Cir. 1986)). The AJ's decision did not constitute an abuse of discretion because such information was not relevant to sustaining the charges. And once again, Mr. Brewer fails to establish that the absence of such information actually prejudiced his case.

Finally, Mr. Brewer claims it was error to find that the agency's choice of penalty—removal—was reasonable. "The choice of penalty is committed to the sound discretion of the employing agency and will not be overturned unless the agency's choice of penalty is wholly unwarranted in light of all the relevant factors." Guise, 330 F.3d at 1382 (citing Lachance v. Devall, 178 F.3d 1246, 1251 (Fed. Cir. 1999)). The relevant factors are enumerated in Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981).

Here, Captain McDonnell completed a Douglas factors work sheet. She considered Mr. Brewer's past disciplinary history, of which there was none, and the seriousness of his misconduct. The AJ credited Captain McDonnell and the evidence of the agency's consideration of the factors bearing on the appropriate penalty, including the nature of Mr. Brewer's employment in a leadership position. We see no basis for

overturning the AJ's determination, particularly in light of our limited scope of review on this issue, and <u>affirm</u>.